IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH CLIFFORD "CASEY" CUNNINGHAM,<br><br>Defendant. | **Cause No. CR 12-60-GF-BMM**<br><br>**ORDER** |

**INTRODUCTION**

Defendant Keith Clifford Cunningham ("Cunningham") filed a motion for compassionate release on July 21, 2023. (Doc. 76.) Cunningham's counsel filed an amended brief in support of Cunningham's motion on September 22, 2023. (*Id.*) Cunningham argues that his age and the inadequate medical care that he receives in the custody of the Bureau of Prisons ("BOP") warrants a reduction in his sentence. (*Id.* at 3–4; Doc. 81 at 6–7.) The Government opposes Cunningham's motion. (Doc. 84.) The Government argues that Cunningham has received adequate medical care in prison and that his advanced age primarily stems from him committing his offense at age 69. (*Id.* at 7–8, 11.)

1

**FACTUAL BACKGROUND**

The Government filed an indictment on September 5, 2012, charging Cunningham with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a). (Doc. 1.) The Court found Cunningham guilty after a bench trial on January 14, 2014. (Doc. 42.) Cunningham's offense level was 36 and his criminal history score placed him in category I. (Doc. 56 at 1.) The Court calculated a guideline range of 188 to 235 months. (*Id.*) The Court sentenced Cunningham to the custody of the BOP for 228 months. (Doc. 55.)

Cunningham filed a motion for compassionate release in November of 2020, citing his age and medical conditions as grounds for a sentence reduction. (Doc. 70.) The Court reduced Cunningham's sentence to 180 months, which constituted the mandatory minimum for his offense. (Doc. 75 at 4.) Cunningham has now served approximately 129 months, which constitutes approximately 71.7 percent of his term of imprisonment. (Doc. 81 at 8.) Cunningham's projected release date is January 18, 2026. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed January 3, 2024). Cunningham is incarcerated at Englewood FCI in Littleton, CO. *See id.*

**DISCUSSION**

**I.      Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*,

2

411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy

3

Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

The amendments provide that:

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

   . . .

   (B) The defendant is—
   (i) suffering from a serious physical or medical condition,

   (ii) suffering from a serious functional or cognitive impairment, or

   (iii) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

4

2) Age of the Defendant.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13(b).

### A. Reason for Release

Cunningham is 81 years old. Cunningham asserts that he has a hernia upon which he has not received an operation, "bone on bone" arthritis, and a bloody fluid buildup in one of his testicles. (Doc. 81 at 6.) Cunningham also asserts that he has recently began experiencing seizures, one of which resulted in compression fractures in his neck and back. (*Id.*; Doc. 76 at 2.) Cunningham argues that the BOP provides "at best [ ] lackadaisical and uncoordinated treatment." (Doc. 81 at 7.)

The Government contends that the BOP is providing adequate care to Cunningham and that most of the ailments complained about existed at the time of Cunningham's last motion for compassionate release or at the time of his sentencing. (Doc. 84 at 7.) The Government further argues that Cunningham's advanced age should not provide a basis for compassionate release where, as here, Cunningham committed his offense at an advanced age and remained a fugitive for several months, delaying his case and eventual release date. (*Id.* at 11–12.) Cunningham fails to show extraordinary and compelling reasons for his immediate release. The Court finds, however, that extraordinary and compelling reasons exist to reduce

Cunningham's sentence to 164 months.

The new amendments to USSG § 1B1.13 make clear that serious medical ailments that substantially impair a defendant's ability to provide self-care within the correctional facility environment constitute extraordinary and compelling reasons for reduction of a custodial sentence. The new amendments also make clear that where a defendant is at least 65 years of age and has completed ten years of their sentence, "a serious deterioration in physical or mental health because of the aging process" constitutes an extraordinary and compelling reason for reduction of the defendant's sentence. USSG § 1B1.13(b)(2). Cunningham is 81 years old. Cunningham has been in custody since April 16, 2013, over ten years. (Doc. 84 at 3; Doc. 59 at 1.) Cunningham's medical records make clear that Cunningham is experiencing a serious decline in his physical health that impairs his ability to care for himself and perform activities of daily living. Cunningham's recent knee x-rays demonstrate "advanced degenerative changes" and indicate "bone on bone" osteoarthritis. (Doc. 82-1 at 191.) His medical provider has recommended a left total knee replacement. (*Id.* at 192.) His medical records also indicate that his knee pain impacts his activities of daily living and affects his level of functioning. (*Id.* at 19, 192.) Cunningham often reports pain levels of 8 for his knee and providers have noted decreased range of motion, abnormal gait, and difficulty ambulating. (*Id.* at

6

17, 32–34., 40–41, 191.)

Additional ailments indicate a substantial decline in Cunningham's physical health. Cunningham's medical records demonstrate that Cunningham has begun experiencing seizures that put him at heightened risk of falling. Cunningham suffered two falls in three days, both of which required visits to the emergency room and one of which resulted in a fracture of his spine that required surgical intervention. (Doc. 82-1 at 269.) Cunningham has experienced a significant decrease in his ability to hear, resulting in referrals for ENT specialist intervention. (Doc. 82 at 11, 75.) Cunningham developed a right inguinal hernia in December of 2021. (*Id.* at 7–8.) A general surgeon evaluated and recommended surgical repair, but the records do not indicate that such repair has been completed. (Doc. 82-1 at 18.) Cunningham also suffers from a cognitive disorder, hypertension, polyneuropathy, hypertrophy of his prostate, chronic kidney disease, and an enlarged and painful testicle that fills with bloody fluid. (*Id.* at 5, 7, 10, 119.)

Based on these records, the Court finds that Cunningham "is experiencing a serious deterioration in physical or mental health because of the aging process." USSG § 1B1.13(b)(2). The Court further finds that Cunningham has experienced a deterioration in his physical health because of the aging process "that substantially diminishes the ability of [ ] [Cunningham] to provide self-care" and "from which he

[ ] is not expected to recover." USSG § 1B1.13(b)(1)(B)(iii). Accordingly, the Court finds extraordinary and compelling reasons exist to warrant a reduction of Cunningham's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Section 3553(a) Factors

The Court still must consider whether reducing Cunningham's sentence as requested would comport with the § 3553(a) factors. Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Cunningham committed a serious offense. The Court found Cunningham

8

guilty of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a). The Court calculated Cunningham's guideline custody range as 188 to 235 months. (Doc. 56 at 1.) The Court initially sentenced Cunningham within this range to 228 months. (Doc. 54.) The Court later reduced Cunningham's sentence pursuant to 18 U.S.C. § 3582 to 180 months, the mandatory minimum for his offense. The Court recognizes the importance of a mandatory minimum in acknowledging the serious nature of an offense. The Court also notes, however, that "'a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release.'" *United States v. Scarmazzo*, No. 1:06-cr-000342 DAD, 2023 U.S. Dist. LEXIS 18036, at *31 (E.D. Cal. Feb. 2, 2023) (quoting *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022)).

Cunningham's offense involved a vulnerable victim whose trust Cunningham obtained and exploited. Cunningham lacked any serious criminal history at the time of sentencing. As a 69-year-old man, Cunningham had only one conviction for driving under the influence that he received when he was 52. (Doc. 59 at 11.) Cunningham did have a history of befriending young girls and acting inappropriately towards them, however, including a pending charge for sexual assault and indecent exposure in Montana State District Court, Fergus County. (Doc. 59 at 9–10, 13–14.)

Thirteen and a half years, or 164 months, adequately reflects the seriousness

9

of the offense. The Court recognizes that this sentence falls below the mandatory minimum for this offense. The Court also considers, however, that Cunningham is 81 years old and now suffers from significantly deteriorated physical health. Cunningham's advanced age and progressive physical deterioration in conjunction with his time spent in prison likely have deterred Cunningham from engaging in criminal activity and thus ensure the protection of the public. Cunningham's disciplinary history also demonstrates evidence of deterrence and adequate protection for the public. Cunningham's program review document shows no disciplinary history for the last six months. (Doc. 76-2 at 1.) The Government also has not indicated the existence of any disciplinary history. Cunningham's program review document also demonstrates that Cunningham has participated in and completed a victim impact education course. (*Id.*) The Court finds that a reduction of Cunningham's sentence to 164 months comports with the § 3553(a) factors.

## CONCLUSION

Extraordinary and compelling reasons exist for reducing Cunningham's sentence in light of Cunningham's advanced age, time spent in custody, and his medical circumstances. Cunningham's circumstances fail to rise, however, to the standard for immediate release. The Court will reduce Cunningham's sentence to 164 months. Such reduction comports with the § 3553(a) factors.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Cunningham's motion for compassionate release (Doc. 76; Doc. 81) is **GRANTED** in part, and **DENIED** in part, as the Court reduces Cunningham's sentence to a period of 164 months.

DATED this 4th day of January, 2024.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court